IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Jermaine Thompson, Individually, and Crystal Thompson, Individually, and as P.R. of the Estate of ST, A Minor Child, Deceased 13879 Grey Cold Drive, Gaithersburg, MD 20878<br><br>Plaintiffs,<br><br>v.<br><br>Children's National Medical Center, 111 Michigan Avenue, N.W. Washington, D.C. 20010,<br><br>Defendant. | Case No. _____ |

## COMPLAINT
(Wrongful Death and Survival Action)

COMES NOW the Plaintiffs, Jermaine Thompson, Individually, and as Parent of ST, a minor child, deceased, and Crystal Thompson, Individually, and as PR of the Estate of ST, a Minor child, deceased, by Michael M. Wilson, their counsel, and represent to this Honorable Court as follows:

(Jurisdiction and Parties)

1. The Plaintiffs, Jermaine and Crystal Thompson, are residents and domiciliaries of the State of Maryland, as was their daughter, the minor Plaintiff, ST. They reside together at 13879 Grey Cold Drive, Gaithersburg, MD 20878.

The estate of ST was created by the Probate Court of Montgomery County, Maryland as Estate No. W54919, and Plaintiff Crystal Thompson is the P.R. of the Estate of ST.

2. Defendant Children's National Medical Center is a hospital with its principal place of business located at 111 Michigan Avenue, N.W., Washington, D.C. 20010.

3. All acts and/or omissions relating to Plaintiffs' claims against Defendant Children's National Medical Center took place within the District of Columbia.

4. Pursuant to 28 U.S.C. Section 1391(a)(2), the proper venue for this action is Washington, District of Columbia, as a substantial part of the events or omissions giving rise to the claims against the Defendant occurred in the District of Columbia and the Defendant Hospital has its principal place of business in the District of Columbia.

5. The matter in controversy exceeds the sum of $75,000. The minor child was less than one year old and would have lived a normal life. The survival action and the wrongful death claim are both substantial and well in excess of the sum of $75,000.

6. As the matter in controversy exceeds the sum of $75,000, and the Plaintiffs and the Defendant are diverse as set forth in 28 U.S.C. Section 1332, this Honorable Court has diversity jurisdiction with respect to this action.

### Count 1
### Wrongful Death

7. Plaintiff's Decedent ST was born on August 30th, 2009.

8. Plaintiff's Decedent ST was admitted to Children's National Medical Center for the conditions of Posterior Glottic Stenosis and Subglottic Stenosis and the procedure of laryngotracheal reconstruction with costochondral graft and endotracheal tube stenting was performed by Pediatric ENT Surgeon Nancy Bauman, M.D., with Assistants Cristina Baldassari, M.D., and Eric Jaryszak, M.D. The operation was performed on or about March 8th, 2010, when ST was approximately six months of age.

9. Dr. Bauman never advised the parents that there was a substantial risk of death, on the other hand, she reassured the parents that the procedure was safe and effective.

10. After the procedure, ST developed progressive abdominal distention, difficulty with ventilation, and sepsis, and her condition progressively deteriorated to the point that she required cardiopulmonary resuscitation with chest compressions on or about March 11th, 2010. Care was provided in the NICU by Dr. Sophia Smith and Dr. Paul Shea, who were employees and/or agents or apparent agents of Defendant Children's National Medical Center.

11. On or about March 11th, 2010, an exploratory laparotomy was performed by Randall Burd, M.D., Ph.D. who diagnosed abdominal compartment syndrome.

12. The resuscitation was not successful, and ST died on March 11th, 2010.

13. Defendant Children's National Medical Center, acting by and through

its agents, servants, employees, and apparent agents, breached applicable standards of care in, *inter alia*,

(a) Failing to diagnose and appropriately treat ST's postoperative condition of abdominal obstruction, abdominal compartment syndrome, sepsis, and perforated small intestine.

(b) Failing to appropriately interpret abdominal x ray studies and appropriately correlate those studies with the clinical symptoms and laboratory data;

(c) Failing to properly instruct and supervise any physicians in training who may have treated ST's postoperative condition and who supervised the nurses taking care of ST in the PICU;

(d) Failing to provide appropriately trained nurses in the PICU to take care of ST; and

(e) Defendant may have been negligent in other ways.

14. Defendant Children's National Medical Center, acting through its employees, agents, servants, and apparent agents, failed to obtain appropriate informed consent to the procedure as the surgeons failed to adequately warn the parents of the risk of death from the procedure and its associated postoperative two week period of immobilization. Additionally, the PICU physicians failed to obtain appropriate informed consent as to the treatment of the child's intestinal blockage, intestinal perforation, and sepsis.

15. Upon information and belief, the death of the minor child ST was preventable if her postoperative conditions of small bowel obstruction, perforation, and infection had been treated with ordinary and standard pediatric medical care.

16. As a direct and proximate result of the aforesaid negligence and failure to obtain informed consent, ST suffered a wrongful death that was preventable. As a result of that wrongful death, the Estate of ST and the parents of ST have suffered such damages as are recognized under the District of Columbia law pertaining to Wrongful Death actions. These damages include, but are not limited to, funeral expenses, pecuniary loss, loss of services, society, care, assistance, and advice over the duration of the joint lives of ST and the parents of ST, deceased, and loss of earnings.

WHEREFORE, Crystal Thompson, Individually, and as P.R. of the Estate of ST, and Jermaine Thompson, Individually, demand judgment against Defendant Children's National Medical Center for compensatory damages in the wrongful death claim in the full sum of Thirty Million Dollars ($30,000,000.00), plus interest and costs incurred.

### Count 2
### Survival Action

17. The allegations of Paragraphs 1 through 16 are realleged as though fully set forth herein.

18. As a direct and proximate result of the aforesaid negligence and failure to obtain appropriate informed consent, the minor child SJ suffered damages, including but not limited to, the following:

(a) severe physical pain;

(b) medical and hospital bills;

(c) lost future earnings, and

(d) such other damages as are recognized under District of Columbia law pertaining to survival actions.

WHEREFORE, Crystal Thompson, Individually, and as P.R. of the Estate of ST, and Jermaine Thompson, Individually, demand judgment against Defendant Children's National Medical Center for compensatory damages in the survival action in the full sum of Ten Million Dollars ($10,000,000.00), plus interest and costs incurred.

Date: May 27, 2010                Respectfully submitted,

                                  /s/ Michael M. Wilson
                                  Michael M. Wilson
                                  D.C. Bar No. #941674
                                  U.S. Court of Appeals
                                  for the District of Columbia #30702
                                  1120 19th Street, N.W. Suite LL-11
                                  Washington, D.C. 20036
                                  (202) 223-4488
                                  Fax: (202) 280-1414
                                  Email: wilson@wilsonlaw.com

                                  Counsel for the Plaintiff

JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

_____
Michael M. Wilson